IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| URSULA N. WILLIAMS, MELBOURNE POFF, and BARBARA POFF, on behalf of themselves and all others similarly situated, | § § § § § § | Civil Action No. 4:20-cv-04018 |
| Plaintiffs, | § § § | JUDGE CHARLES ESKRIDGE |
| PHH MORTGAGE CORPORATION, in its individual capacity and as successor by merger to OCWEN LOAN SERVICING, LLC, | § § § § § § § § | |
| Defendants. | § | |

**JOINT DISCOVERY AND CASE MANAGEMENT PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order for Conference and Disclosure of Interested Parties (ECF No. 40), Plaintiffs Ursula Nichole Williams and Melbourne and Barbara Poff ("Plaintiffs") and Defendant PHH Mortgage Corporation ("PHH" or "Defendant"), for itself and as successor by merger to Ocwen Loan Servicing, LLC ("Ocwen"), hereby file this Joint Discovery and Case Management Plan, as follows:

12044816.1

1. ***State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.***

The following counsel of record conferred as required by Rule 26(f) via telephone on March 8, 2021:

For the Plaintiffs:

- Lee Lowther, Carney Bates & Pulliam, PLLC

For the Defendant:

- Robert Ford, Bradley Arant Boult Cummings, LLP;
- Michael R. Pennington, Bradley Arant Boult Cummings, LLP; and
- Zachary A. Madonia, Bradley Arant Boult Cummings, LLP

On April 12 and 14, 2021, Lee Lowther and Zachary A. Madonia conferred again via telephone.

2. ***List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.***

- *Morris v. PHH Mortgage Corp.,* Case No. 20-cv-60633 (S.D. Fla.) (Smith, J.)
- *Torliatt v. Ocwen Loan Servicing, LLC,* Case No. 19-cv-4303 (N.D. Cal) (Orrick, J.)
- *Booze v. Ocwen Loan Servicing, LLC,* Case No. 9:20-cv-80135 (S.D. Fla.) (Middlebrooks, J.)
- *Fox v. Ocwen Loan Servicing, LLC,* Case No. 9:20-cv-80060 (S.D. Fla.) (Middlebrooks, J.)
- *Fusco v. Ocwen Loan Servicing, LLC,* Case No. 9:20-cv-80090 (S.D. Fla.) (Middlebrooks, J.)

2

- *Forrest v. PHH Mortgage Corp.,* Case No. 1:20-cv-00323 (D.R.I.) (Smith, J.)

3. ***Briefly describe what this case is about. Generally state the claims, defenses, and threshold issues that each party will likely assert.***

   **Plaintiffs' Statement:**

   The allegations in this action are materially indistinguishable from those pending before the Court in *Williams v. Lakeview Loan Servicing, LLC*, Case No. 4:20-cv-01900. Plaintiffs Ursula Nichole Williams and Melbourne and Barbara Poff allege that Defendant violated state debt-collection law and rules and regulations applicable to mortgages insured by the Federal Housing Administration by collecting payment-processing fees when borrowers paid their mortgages online or by phone ("Pay-to-Pay Fees"). Defendant collects Pay-to-Pay Fees between $7.50–$19.50 from borrowers when they make mortgage over the telephone, through an automated phone system, and online. No FHA-insured mortgage agreement expressly authorizes the collection of these fees, nor does any state law affirmatively permit their collection. Therefore, Defendant engaged in the "unfair or unconscionable means" of "collecting or attempting to collect . . . a charge, fee, or expense incidental to the obligation" that was not "expressly authorized by the agreement creating the obligation or legally chargeable to the" Plaintiffs and others similarly situated. Tex. Fin. Code § 392.303(a)(2).

Nor are these fees legally chargeable to borrowers, such as Plaintiffs, with FHA-insured mortgages. Rules and regulations promulgated by the United States Department of Housing and Urban Development, which apply to FHA-insured mortgages, prohibit the collection of any fee not authorized by the HUD Secretary. HUD permits servicers to collect only "allowable fees and charges," which consist of those listed in 24 C.F.R. § 203.552 and published in the Handbook 4000.1: *FHA Single-Family Housing Policy Handbook.* ("FHA Handbook"). Pay-to-Pay Fees are not listed in the applicable regulation or the FHA Handbook. By collecting those unauthorized fees, Defendant collects a fee that is not legally chargeable to Plaintiffs. On these allegations, Plaintiffs bring claims for violations of the Texas Debt Collection Act and seek a declaration that HUD regulations applicable to their mortgages do not permit the collection of Pay-to-Pay Fees.

**Defendant's Statement:**

Plaintiffs are mortgage borrowers whose loans were serviced by Ocwen and/or PHH. This action arises because Plaintiffs voluntarily chose to pay their monthly mortgage payments using Ocwen's and PHH's entirely optional online or telephonic expedited payment methods, after being fully apprised by Ocwen and PHH that they would be charged a small fee for each use, and after agreeing to be charged the fee before each use. There is no dispute that Ocwen and PHH were not required by Plaintiffs' loan documents or any other law to

4

offer expedited online or telephonic payment methods. Ocwen and PHH offered those payment methods as entirely optional services for borrowers who wanted to ensure same day payment receipt, processing, and posting. But Plaintiffs chose to pay online, and consented to be charged a small fee, and their payments were processed days quicker than if paid by mail. These facts are not in dispute.

Ocwen's and PHH's standard procedures for accepting online and telephonic payments was to disclose to the borrower (1) that they were using an optional payment method, (2) that they would be charged a convenience fee to use the optional payment method, and (3) the amount of the fee. Ocwen and PHH charged convenience fees only when borrowers agreed to them, and only when borrowers wanted to use the optional same-day payment services that Ocwen and PHH were not required to offer under the terms of the borrowers' loan documents. Like Plaintiffs, many borrowers choose to pay online or by telephone to avoid incurring late fees, adverse credit reporting, or foreclosure, or otherwise because they enjoy the convenience offered by same-day payment receipt and processing.

To make these optional payment methods available to borrowers, required Ocwen and PHH to create, program, and maintain the systems involved, to contract with vendors or licensors, train customer service

representatives on a continuing basis, and so on. In no case where the fee was charged was the borrower required to use the expedited payment methods. In every case in which a fee was charged, the borrower first had to agree to the fee in order to use the service. In no case was the fee charged for the underlying payment that was owed. Instead, the fee charged was for the separate, optional service of allowing borrowers to use expedited online and telephonic payment methods with same day payment processing and application. Convenience fees are charged under similar circumstances throughout America every single day, including when making payments to the State for various licenses or registrations. It is in borrowers' interests that same-day payment methods be available. It would be far costlier to borrowers if they were not.

PHH has moved to dismiss the operative complaint with prejudice for failure to state a claim, which motion is fully briefed and ripe for decision. As explained in more detail below, PHH also intends to renew its motion to stay class proceedings, which was previously denied by the District of New Jersey as not yet being ripe.

**4.** ***Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.***

Plaintiffs assert federal jurisdiction based upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

5. *List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.*

   None anticipated.

6. *List any anticipated interventions. Briefly explain why.*

   None anticipated.

7. *Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.*

   **Plaintiff's Statement:**

   Plaintiffs intend to move for certification of the following classes under Federal Rules of Civil Procedure 23(b)(2)–(3):

   > **The Texas Debt Collection Practices Act Class (the "TDCA Class")**
   >
   > All persons in the United States (1) with property located in the State of Texas, (2) secured by a loan that is or was serviced by PHH, (3) who were charged one or more Pay-to-Pay fee, and (4) whose Security Instrument did not expressly authorize the collection of a Pay-to-Pay fee.
   >
   > **The FHA Pay-to-Pay Subclass (the "FHA Pay-to-Pay Subclass"):**
   >
   > All persons in the United States (1) with property located in the State of Texas (2) secured by an FHA-insured mortgage (3) that is or was serviced by PHH (4) who were charged one or more Pay-to-Pay fee, and (5) whose mortgages contained language the same as or substantially similar to the uniform covenants in the Security Instrument.

**Defendant's Statement:**

Defendant disputes that Plaintiffs can satisfy the requirements of Federal Rule of Civil Procedure 23 for the alleged TDCA Class or the alleged FHA Subclass and denies that certification of these putative classes would be appropriate under applicable law. In addition, most of the putative class members Plaintiffs seek to represent are members of a proposed settlement class in *Morris v. PHH Mortgage Corp.*, No. 20-cv-60633 (S.D. Fla.), which resolves the precise claims at issue in this action. Given the overlap between the putative classes here and the proposed settlement class in *Morris*, Defendant intends to renew its motion stay class action proceedings here until after the *Morris* court has considered whether to approve that settlement.

8. *State whether each party represents that it has completed its Rule 26(a) initial disclosures. If not, indicate the date by which each party will do so and describe arrangements in that respect.*

    The parties agree initial disclosures will be exchanged 15 days after the Court orders discovery to commence in this action.

9. *Apart from initial disclosures, specify other discovery served or accomplished to date.*

    None.

10. *Describe the proposed agreed discovery plan. At a minimum, include:*

    a. *Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.*

    - Plaintiffs will seek discovery regarding the size and nature of the putative class and subclass, the relationship between Defendant and any third-party vendors, and any affirmative defenses presented by Defendant. The parties propose the Court adopt the Proposed Scheduling Order attached as an Exhibit to this Joint Report that sets deadlines through a hearing on Plaintiffs' anticipated motion for class certification.

    - Defendant will seek discovery from Plaintiffs regarding their loan and payment history, the status of their loans at various times implicated by the claims in the operative complaint, their decisions to use the optional payment methods at issue and reasons for doing so, the agreements made by Plaintiffs prior to using the services for which a fee was charged, and all other facts alleged in the operative complaint. Defendant may seek similar evidence from one or more absent putative class members.

    - The Parties propose the Court adopt the Proposed Scheduling Order attached as an Exhibit to this Joint Report that sets deadlines through a hearing on Plaintiffs' anticipated motion for class certification. The Parties dispute when discovery and class proceedings should begin: For the reasons that will be set forth in its forthcoming renewed motion to stay, Defendant contends that the Court should stay all discovery until after resolving their pending motion to dismiss and should stay class proceedings until after the Southern District of Florida considers the pending class action settlement in *Morris*; Plaintiffs contend that the filing of a motion to dismiss or motion for preliminary approval is no basis for staying discovery in this action. Approval of the *Morris* settlement is highly unlikely, as it is already opposed by the Attorneys General of 33 states and the United States Department of Justice, in addition to several intervenors, some of whom are represented by Plaintiffs' counsel. Even if the *Morris* settlement were approved, a class would remain, and the only issue to resolve would be excluding from the class those whose claims were

9

released in *Morris*. But the Parties have reached agreement on the amount of time from when class discovery begins for each of the class action deadlines identified in their Proposed Scheduling Order.

The Parties agree to request the Court to enter its Standard Protective Order (Form 9) in this case.

**b. *When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.***

Plaintiffs plan to serve Interrogatories on Defendant no later than 10 days after the initial scheduling conference. The presumptive limit of twenty-five interrogatories under Rule 33(a)(1) should apply.

**c. *When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.***

Defendant has not determined whether and the extent to which it will serve interrogatories, but will do sufficiently in advance of any discovery deadlines for them to be responded to within any applicable discovery period. Defendant agrees the presumptive limit of twenty-five interrogatories under Rule 33(a)(1) should apply.

**d. *Of whom and by when the plaintiff anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.***

Plaintiffs anticipate taking depositions of corporate representatives of Defendant and any fact witnesses before the class discovery cut-off date. The presumptive limit of ten depositions under Rule 30(a)(2)(A) should apply.

10

> **e.** *Of whom and by when the defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.*

Defendant anticipates taking depositions of each Plaintiff. Defendant may also seek to take the deposition of one or more absent putative class members. Defendant agrees the presumptive limit of ten depositions under Rule 30(a)(2)(A) should apply.

> **f.** *When the plaintiff (or the party with the burden of proof on an issue) can designate experts and provide Rule 26(a)(2)(B) reports, and when the opposing party can designate responsive experts and provide their reports.*

As reflected in the attached Proposed Scheduling Order, the Parties agree that Plaintiffs shall serve their class certification expert report, if any, within 145 days of the start of the class certification discovery period and that Defendant shall serve any rebuttal expert report within 45 days after Plaintiffs' deadline for serving their class certification expert reports.

> **g.** *List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.*

Plaintiffs will depose any of Defendant's experts on any issues, if any, before the expert-discovery deadline set by the Court.

> **h.** *List expert depositions the opposing party anticipates taking and their anticipated completion date.*

See above.

11. *State the date by which the parties can reasonably complete the planned discovery.*

11

As reflected in the attached Proposed Scheduling Order, the Parties agree that class certification discovery shall complete within 220 days of its commencement.

12. *If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.*

    **Plaintiffs' Position**: Plaintiffs believe discovery should begin immediately.

    **Defendant's Position**: As set forth above Defendant believes that all discovery should be stayed pending resolution of the motion to dismiss and that class proceedings should be stayed pending the Southern District of Florida's consideration of the proposed settlement in *Morris*. Defendant plans to submit a renewed motion to stay.

13. *Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting. Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.*

    At this time, the parties do not believe that alternative dispute resolution is a suitable option, but they remain open to reconsidering that position at a future date.

14. *Counsel to each party must discuss with their client the alternative dispute resolution techniques that are reasonably suitable to this case. Identify such potential techniques. State when the parties may effectively use any such technique.*

    The parties believe that mediation may be suitable in the future. Prior to any mediation, the parties require a reasonable time to conduct discovery.

15. *A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.*

    The parties did not both consent to the trial of this case before a Magistrate Judge.

16. *Identify any party that has made a jury demand and whether it was timely.*

    Plaintiffs timely demanded a trial by jury in their complaint.

17. *Specify the number of hours it will likely take to present the evidence at trial in this case.*

    Plaintiff believes that the parties will need 20 hours to present evidence at trial.

    Defendant's position on the length of trial is that it would vary considerably depending upon if a class certified. If a class is not certified, Defendant estimates that a trial of the Plaintiffs' individual claims would take 2-3 days. If a class is certified, Defendant estimates that a trial would take 2-3 weeks.

18. *List pending motions the Court could resolve at the initial pretrial conference.*

    Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 63) is fully briefed and ripe for decision.

19. *List other pending motions.*

    There are no other pending motions, but Defendant plans to renew its motion to stay class proceedings and discovery.

20. *List all other matters that deserve attention of the Court at the initial pretrial conference.*

    None.

21. *Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order. Clearly indicate any disagreements with reasons in support of the requests made.*

    A proposed Scheduling and Docket Control Order are attached as an Exhibit to this report. The parties agree as to the timelines for when discovery should be completed, but they disagree as to when discovery should commence.

22. *Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.*

    Plaintiffs filed their disclosures on December 22, 2020. Defendant filed its corporate disclosure statement under Federal Rule of Civil Procedure 7.1 on August 19, 2020 (Doc. 10), which was amended on April 14, 2021.

23. *If the case involves an unincorporated entity as a party, such as an LLC or LLP, state the citizenship of every member. As an attachment to this joint filing, such party must file an affidavit or declaration establishing the citizenship of every member.*

    Not applicable

24. *List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.*

            **CARNEY BATES & PULLIAM, PLLC**
            Randall K. Pulliam (Texas Bar No. 24048058)
            rpulliam@cbplaw.com
            Attorney-in-Charge for Plaintiff
            Lee Lowther (*pro hac vice*)

llowther@cbplaw.com
519 W. 7th St.
Little Rock, AR 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

James L. Kauffman (*Pro Hac Vice*)
jkauffman@baileyglasser.com
**BAILEY & GLASSER, LLP**
1055 Thomas Jefferson Street, Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103

Elizabeth Ryan (*Pro Hac Vice*)
eryan@baileyglasser.com
**BAILEY & GLASSER, LLP**
99 High Street, Suite 304
Boston, MA 02110
Telephone: (617) 439-6730
Facsimile: (617) 951-3954

Patricia Mulvoy Kipnis
pkipnis@baileyglasser.com
**BAILEY & GLASSER LLP**
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
Telephone: (856) 324-8219

*Attorneys for Plaintiffs*

Robert Ford
Texas Federal ID No. 1392569
Texas State Bar No. 24074219
**BRADLEY ARANT BOULT CUMMINGS, LLP**
JPMorgan Chase Tower
600 Travis Street, Suite 4800
Houston, TX 77002
Telephone: (713) 576-0356
Facsimile: (713) 576-0301

15

Michael R. Pennington (admitted *pro hac vice*)
Zachary A. Madonia (admitted *pro hac vice*)
**BRADLEY ARANT BOULT CUMMINGS, LLP**
1819 5th Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 488-6391

Scott Burnett Smith
Texas Federal ID No. 2923954
Texas State Bar No. 24119040
**BRADLEY ARANT BOULT CUMMINGS, LLP**
200 Clinton Avenue West
Suite 900
Huntsville, AL 35801
Telephone: (256) 517-5198
Facsimile: (256) 517-5298

***Attorneys for Defendant PHH Mortgage Corporation, individually and as successor by merger to Ocwen Loan Servicing, LLC***

| | |
|---|---|
| *Lee Lowther* | April 14, 2021 |
| Counsel for Plaintiff | Date |

| | |
|---|---|
| *Zachary A. Madonia* | April 14, 2021 |
| Counsel for Defendant | Date |