United States District Court
Southern District of Texas
**ENTERED**
May 31, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| URSULA N. WILLLIAMS, *et al*, Plaintiffs, | § § § § § | CIVIL ACTION NO. 4:20-cv-04018 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| PHH MORTGAGE CORPORATION, Defendant. | § § § § | |

OPINION AND ORDER
GRANTING SUMMARY JUDGMENT

The motion by Defendant PHH Mortgage Corporation for summary judgment is granted. Dkt 74.

1. Background

Plaintiffs Ursula N. Williams, Melbourne Poff, and Barbara Poff brought this action on behalf of themselves and all others similarly situated against Defendant PHH Mortgage Corporation for violations of the Texas Debt Collection Act, as well as for declaratory and injunctive relief. Dkt 60. PHH moved to dismiss all claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt 63. That motion was granted as to the claims for declaratory and injunctive relief but denied as to the TDCA claims. Dkt 72.

The parties were ordered to undertake expedited discovery on the issue of limitations. Id at 6; see also Dkt 73. PHH now moves for summary judgment. Dkt 74.

2. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the

movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law." *Sulzer Carbomedics Inc v Oregon Cardio-Devices Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby Inc*, 477 US 242, 248 (1986). And a dispute is *genuine* if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248.

The summary judgment stage doesn't involve weighing the evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v Harris County*, 956 F3d 311, 316 (5th Cir 2010). Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be drawn in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008).

The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015); see also *Celotex Corp v Catrett*, 477 US 317, 322–23 (1986). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536. To meet this burden of proof, the evidence must be both "competent and admissible at trial." *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012).

### 3. Analysis

"When reviewing issues of state law, federal courts look to the law of that state's highest court." *City of Alexandria v Brown*, 740 F3d 339, 351 (5th Cir 2014). In

2

the absence of a final decision by that court, federal courts "must make an *Erie* guess and determine" how the state high court would decide the issue "if presented with the same case." *In re Katrina Canal Breaches Litigation*, 495 F3d 191, 206 (5th Cir 2007). Federal courts in making an *Erie* guess defer to "intermediate state appellate court decisions, unless convinced by other persuasive data that the highest court of the state would decide otherwise." *Brown*, 740 F3d at 351 (quotation marks and citation omitted).

The TDCA doesn't contain a statute of limitations. The parties thus dispute whether a two- or four-year limitations period applies to such claims. Lower courts—both state and federal—have reached divergent conclusions on this question.

Several recent opinions apply a four-year limitations period, citing Texas Civil Practice and Remedies Code § 16.051. That provision states:

> Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues.

With considerable logic, opinions in this regard reason that such provision controls because the TDCA doesn't itself contain a statute of limitations. For example, see *Nationstar Mortgage LLC v Barefoot*, 2021 WL 5001660, *3–4 (Tex App—Houston [14th Dist], no pet); *Vine v PLS Financial Services Inc*, 2018 WL 456031, *15–17 (WD Tex).

A number of others instead apply a two-year limitations period, citing Texas Civil Practice and Remedies Code § 16.003(a). That provision states:

> Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal

3

> injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.

But whether or not correct, such decisions provide scant explanation of their rationale. For example, see *Duzich v Marine Office of America Corp*, 980 SW2d 857, 872 (Tex App—Corpus Christi-Edinburg 1998, rev denied); *Galindo v Snoddy*, 415 SW3d 905, 911 (Tex App—Texarkana 2013, no pet); *Clark v Deutsche Bank National Trust Co*, 719 F Appx 341, 343 n 1 (5th Cir 2018, *per curiam*); *Sirois v Zions Bancorporation NA*, 2021 WL 1306767, *2 (SD Tex); *Nedelkoff v Texas Guaranteed Student Loan Corp*, 2020 WL 10056077, *3 (WD Tex); *William v Chase Home Finance LLC*, 2014 WL 46233, *4 (ND Tex); *Laali v IndyMac Mortgage Services*, 2013 WL 4456680, *13 (ED Tex). Neither does a leading treatise on Texas statutory causes of action that shares this view. See 16 Dorsaneo, *Texas Litigation Guide* § 242.01.

The Texas Supreme Court hasn't addressed this divide. But it has provided clear instruction as to the resolution of this type of issue. When a statute lacks an express limitations period, the Texas Supreme Court instructs courts to "look to analogous causes of action for which an express limitations period is available either by statute or by case law." *Johnson & Higgins of Texas Inc v Kenneco Energy Inc*, 962 SW2d 507, 518 (Tex 1998); see also *Nghiem v Sajib*, 567 SW3d 718, 723 (Tex 2019); *Nguyen v Watts*, 605 SW3d 761, 780 (Tex App—Houston [1st Dist] 2020, rev denied).

Here, the analogous cause of action is either an action arising under the Texas Deceptive Trade Practices Act or the common-law intentional tort of unreasonable collection. As to the DTPA, the relationship is clear. Section 392.404(a) of the TDCA states, "A violation of this chapter is a deceptive trade practice under" the DTPA and "is actionable under that subchapter." TDCA claims are thus a species of DTPA claims. As to unreasonable collection, there is conceptual overlap. "One of the more precise legal descriptions" of unreasonable collection

4

"delineates the conduct giving rise to the tort as 'efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm.'" *EMC Mortgage Corp v Jones*, 252 SW3d 857, 869 (Tex App—Dallas 2008, no pet) (citation omitted). The TDCA similarly prohibits use of certain threats and coercive methods; harassing, oppressive, and abusive behavior; unfair or unconscionable means; fraudulent, deceptive, or misleading representations; and deceptive business or trade names. Tex Finance Code §§ 392.301–05.

Which of these two causes of action most closely resemble TDCA claims needn't be determined, for both are subject to a two-year limitations period. As to the DTPA, the statute is express in this regard. Tex Business & Commerce Code § 17.565; see also Dkt 76 at 8 (urging application of DTPA's two-year limitations period to TDCA claims); cf *Johnson & Higgins*, 962 SW2d at 519 (holding that close relationship between claims under Texas Insurance Code and DTPA required application of DTPA's two-year limitations period). As to unreasonable collection, it is an intentional tort without a statute of limitations and thus presumed a trespass. This means that the two-year limitations period of Texas Civil Practice and Remedies Code § 16.003(a) applies. See *Nguyen*, 605 SW3d at 780; see also *Nghiem*, 567 SW3d at 721 n 18.; *Credit Plan Corp of Houston v Gentry*, 516 SW2d 471, 474 (Tex App—Houston [14th Dist] 1974, writ granted) (applying two-year limitations period to unfair collection claim), reversed on other grounds by 528 SW2d 571 (Tex 1975); 16 Dorsaneo, *Texas Litigation Guide* § 242.01.

Either way, it's appropriate to apply a two-year limitations period. Plaintiffs brought this action on July 17, 2020. Dkt 1. The two-year limitations period thus bars any claim that accrued before July 17, 2018. All payments made by Williams precede this date. Dkt 74-2 at 11. So, too, do several payments by the Poffs. Id at 13.

The motion by PHH for summary judgment will thus be granted.

    4.   Conclusion

The motion by Defendant PHH Mortgage Corporation for summary judgment is GRANTED. Dkt 74.

The Texas Debt Collection Act claims by Plaintiff Ursula N. Williams are DISMISSED WITH PREJUDICE.

The Texas Debt Collection Act claims by Plaintiffs Melbourne and Barbara Poff based on payments made before July 17, 2018, are DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on May 31, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge