Case 4:20-cv-04018   Document 98   Filed on 09/13/23 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
September 19, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MELBOURNE POFF, and BARBARA POFF**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**PHH MORTGAGE CORPORATION**, itself and as successor by merger to OCWEN LOAN SERVICING, LLC,<br><br>Defendant. | Case No. 4:20-cv-04018 |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

Plaintiffs Melbourne and Barbara Poff, ("Plaintiffs" or "Class Representatives") have submitted a Motion for Final Approval of the Settlement set forth in the Class Action Settlement Agreement dated Octobe 28, 2022 (the "Agreement" or "Settlement Agreement"). Class Counsel has also submitted to the Court their Unopposed Motion For An Order Awarding Attorneys' Fees and Costs And Expenses To Class Counsel, and Incentive Awards to Class Representatives.

On April 18, 2023, this Court granted preliminary approval to the proposed class action settlement set forth in the Agreement. This Court also provisionally certified a Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on September 13, 2023. The Court finds that due and adequate notice was given to the

Settlement Class as required in the Court's Order.

The Court has reviewed the papers filed in support of the Motion for Final Approval, including the Settlement Agreement and exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class, and supporting affidavits.

On September 13, 2023, this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Settlement Class Members' Released Claims on the merits and with prejudice; and (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel; and any award to the Class Representatives for their representation of the Settlement Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties and by other interested persons at the Final Approval Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  **Definitions.** This Final Approval Order and Judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Agreement.

2.  **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members, and venue in this Court is proper.

3.  **No Merits Determination.** By entering this Order, the Court does not make

any determination as to the merits of this case.

4.     **Settlement Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action solely for the purposes of settlement, with the Settlement Class defined as:

> all borrowers on residential mortgage loans involving mortgaged property located in the State of Texas who, between July 17, 2018 (the first day of the Class Period) and October 17, 2022, paid a Convenience Fee to Ocwen and/or PHH that was not refunded or returned. Excluded from the Settlement Class are (a) borrowers whose loans were included as class loans in the previously approved class action settlement in *McWhorter, et al. v. Ocwen Loan Servicing, LLC, et al.*, No. 2:15-cv-01831-MHH, ECF No. 71 at 7 (N.D. Ala. Aug. 1, 2019); (b) all persons who are potential members of the proposed FDCPA settlement class in *Morris, et al. v. PHH Mortgage Corp., et al.*, No. 0:20-cv-60633-RS (S.D. Fla.), whether or not those persons timely and validly exclude themselves from the *Morris* FDCPA settlement class; (c) borrowers who are or were named plaintiffs in any civil action other than this Action which challenges Convenience Fees charged by a PHH Defendant that was initiated against either PHH Defendant on or before October 31, 2022; (d) the PHH Defendants' board members and executive level officers; and (e) the federal district and magistrate judges assigned to this Action, along with persons within the third degree of relationship to them.

5.     The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Settlement Class; (e) the Settlement Class is ascertainable; and (f) a class

action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. **Designation of Class Representatives and Class Counsel.** The Court confirms, solely for the purposes of settlement, the prior appointments of the Plaintiffs Melbourne and Barbara Poff as Class Representatives, and the law firms of Bailey & Glasser LLP and Carney Bates & Pulliam, PLLC, as Class Counsel. The Court further finds that Plaintiffs and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement.

7. **Settlement Approval.** Pursuant to Fed. R. Civ. P. 23(e), this Court hereby approves the Settlement and finds that it is, in all respects, fair, reasonable and adequate to the Parties. The Court further finds that the Settlement is the result of good faith arm's-length negotiations between experienced counsel representing the interests of the Parties. The Court overrules the objection of Esteban Losoya. Accordingly, the Settlement is hereby finally approved in all respects, there is no just reason for delay, and the Parties are hereby directed to perform its terms.

8. **Dismissal with Prejudice.** Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in the Action are hereby dismissed in their entirety with prejudice and without fees and costs, other than as set forth in the Agreement, and the case shall be closed pursuant to Paragraph 20 of this Order. This Final Judgment shall have res judicata and collateral estoppel effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Settlement Class Members. Nothing herein is intended to waive or

prejudice the rights of Settlement Class Members who have validly and timely excluded themselves from the Settlement Class, as identified on Exhibit 1 hereto.

9. **Releases.** The releases as set forth in Section 3 of the Agreement together with the definitions in Section 1.1.27 and 1.1.28 relating thereto are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in Section 3 of the Agreement, including but not limited to the definitions of Released Claims and Released Persons. As of the Final Settlement Date, the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Persons.

10. **Permanent Injunction.** The Class Representatives and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from: (a) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims; and (b) organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Members but who have requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action) in any jurisdiction based on or relating to any of the Released Claims.

11. **Approval of Class Notice.** The form and means of disseminating the Class Notice as provided for in the Order Granting Motion for Preliminary Approval of Class Action Settlement, Conditionally Certifying A Class For Settlement Purposes, Directing the Issuance of Class Notice and Scheduling A Final Approval Hearing, constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort. Said Notice fully satisfied the requirements of Fed. R. Civ. P. 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

12. **Attorneys' Fees and Expenses.** Plaintiffs and Class Counsel have moved for an award of attorneys' fees in the amount of $429,000, and costs and expenses of $7,866.40. The Court has considered this application separately from this Judgment. The Court finds that an award of $429,000 in attorneys' fees, and $7,866.40 in costs and expenses is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs and expenses in these amounts to be paid from the Settlement Fund.

13. The Court further finds that Service Awards for the Class Representatives in the amount of $5,000.00 each are fair and reasonable, and the Court approves of the Service Awards in this amount. The Court directs the Settlement Administrator to disburse these amounts to Melbourne and Barbara Poff from the Settlement Fund as provided in the Settlement Agreement.

14. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission

or concession of liability or wrongdoing whatsoever or breach of any duty on the part of the Released Persons. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

15. **Continuing Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, validity, enforcement, and interpretation of the Agreement, this Final Approval Order, and any order granting any fee and expense award and Service Awards, and for any other necessary purpose.

16. **Termination of Settlement.** In the event that the Settlement does not become effective in accordance with the terms of the Agreement, the Parties shall be restored to their respective positions in the Action prior to the execution of the Agreement, the certification of the Settlement Class shall be automatically vacated, and this Judgment shall be rendered null and void (except paragraph 14 of this Order shall remain in effect) to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

17.     **Implementation of the Agreement.** The Parties are hereby authorized to implement the terms of the Agreement.

18.     **Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

19.     **CAFA Notice.** PHH has provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

20.     **Entry of Final Judgment.** There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

21.     **Action Closed.** The Clerk of the Court is hereby directed to close the Action.

IT IS SO ORDERED.

Dated: September 13, 2023

_____
Hon. Charles Eskridge
United States District Judge